IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br><br>    v.<br><br>RICHARD TYLER HUNSINGER,<br>    Defendant. | CRIMINAL ACTION NO.:<br>1:20-MJ-00943 |

## DEFENDANT'S RESPONSE IN OPPOSITION TO GOVERNMENT'S MOTION FOR PRETRIAL DETENTION

COMES NOW, Richard T. Hunsinger, by counsel, and files this Response in Opposition to the Government's Motion for Pretrial Detention, and states as follows:

### 1. Introduction and standard of review.

This matter comes before the Court on the United States' Motion for Pretrial Detention. The Bail Reform Act provides that a defendant shall be detained only if a judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the defendant as required for the safety of any other person and the community. 18 U.S.C. § 3142(e).

In order to obtain a detention order, the Government must demonstrate either (1) by clear and convincing evidence that no conditions or combination of conditions other than detention will reasonably assure the safety of any other person and the community, *United States v. Medina*, 775 F.2d 1398(11th Cir. 1985); or (2) by a preponderance of the evidence that detention is necessary to reasonably assure the appearance of the defendant at future court proceedings. *Id.*[1] Consistent with these standards, the Government's motion should be denied.

## 2. Mr. Hunsinger is neither a threat of harm nor a risk of flight.

Mr. Hunsinger will present evidence herein and at the hearing that he poses no danger to anyone and that he is not a risk of flight. The attached letters (Exhibit A) are from friends, coworkers, and members of the community on behalf of Mr. Hunsinger. They reflect his deep and abiding commitment to the community and his passion for service. The letters are from, in alphabetical order:

1. Aiello, Daniela
2. Arney, Katie
3. Boyle, Patrick

---

[1] Under limited circumstances a rebuttable presumption of detention arises. 18 U.S.C. §3142(e). None of those circumstances are presented here.

4. DeSimone, Daniel
5. Diedrick, Kate
6. Dillard, Karimah
7. Fort, Vincent (State Senator)
8. Franzen, Tim
9. Helmey, Beth
10. Helmey, Sam
11. Johnson, Alison
12. Krass, Emma
13. Mandarino, Libby
14. McLaughlin, Natalie

The Government provides no reasonable argument to establish that Mr. Hunsinger will not appear for all proceedings in this case if released on bail. Mr. Hunsinger will agree to the normal bail conditions imposed upon persons, like him, who have no criminal record. That would, of course, include the execution of a suitable bond, surrender of his passport, reasonable restrictions on travel and the usual conditions requiring reporting to pre-trial services. He will agree to abide by the law and refrain from participating in any protests pending the resolution of this case.

The Court does not need to look far to see that similar restrictions have been imposed in similar, recent cases. For example, in <u>United States v. Jesse James Smallwood</u>, Crim. No. 2:20-cr-23-SCJ-JCF-1, (U.S.D.C. N.D.GA), Mr.

Smallwood is charged with several counts including the most serious charge filed here, a violation of 18 U.S.C. § 844 (Arson). In Smallwood's case, like Mr. Hunsinger's, the Government sought detention. *Id.* at Doc. 39. However, Judge Clay Fuller found that there existed a reasonable set of circumstances that permitted the court to set a bond permitting Smallwood to be released on his own recognizance. *Id.* at Docs. 79-80 (Attached as Exhibits B and C).

Another case has arisen recently in the district where Randall Mellon was charged with the possession of firearms after he had been previously convicted of possession of over an ounce of marijuana. <u>United States v. Randall Mellon</u>, Crim. No. 1:20-cr-00256-JPB-AJB-1, Doc. 1 (U.S.D.C. N.D.GA). Similarly, the Government moved for detention. At Mellon's detention hearing, the Government argued strenuously, using a voluminous number of Instagram comments allegedly posted by Mr. Mellon, that he was actively participating in violent protests. Judge Christopher Bly granted Mr. Mellon a $50,000 secured bond. *Id.* at 13-14 (Attached as Exhibits D and E).

### 3. <u>Conclusion</u>

This Honorably Court may fashion a set of conditions sufficient to ensure that Mr. Hunsinger poses no threat to the community and to ensure that he is not a risk of flight.

Dated: This 10th day of November, 2020.

> Respectfully Submitted,
>
> /s/ *John Lovell*
> John Lovell
> Attorney for Defendant
> Georgia Bar No. 359390
> John Lovell, Esq., P.C.
> 90F Glenda Trace, #427
> Newnan, Georgia 30265
> 678.552.2534
> john@johnrlovell.com

## CERTIFICATE OF SERVICE AND COMPLIANCE

I hereby certify that the foregoing document was formatted in Times New Roman 14 pt., in accordance with Local Rule 5.1C, and I have this day electronically filed the document with the Clerk of the Court using the CM/ECF system which will automatically send e-mail notification of such filing to the attorney(s) of record in the case, including opposing counsel.

Dated: This 10th day of November, 2020.

> /s/ *John Lovell*
> John Lovell