IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br><br>v.<br><br>RICHARD TYLER HUNSINGER,<br>    Defendant. | CRIMINAL ACTION NO.:<br>1:20-CR-00466-AT-AJB |

## MOTION FOR REVIEW OF MAGISTRATE JUDGE'S DETENTION ORDER

COMES NOW RICHARD TYLER HUNSINGER through undersigned counsel, hereby requests that this Court, pursuant to 18 U.S.C. § 3145(b), review the Magistrate Court's order of detention. Mr. Hunsinger asks that this Court conduct a *de novo* hearing on the issue of detention, revoke the Magistrate Court's detention order, and set a bond in this case. In support thereof, Defendant shows as follows:

### Background

1.   Mr. Hunsinger was arrested on November 5, 2020 on charges presented in a complaint. The complaint charged activity that had allegedly occurred more than three months prior, on July 25, 2020. Doc. 1.

2. The government moved for detention. Doc. 11. On November 10, 2020, Mr. Hunsinger appeared before United States Magistrate Judge Linda Walker for a detention hearing.

3. Mr. Hunsinger called as a witness his father, Robert Hunsinger. Robert Hunsinger testified that both he and his wife, Richard's mother, are veterans of the United States Air Force and retired from civilian positions with the Department of Defense. Robert Hunsinger spoke of his confidence that Mr. Hunsinger would comply with all directives of the Court. Robert Hunsinger bolstered his testimony of how confident he was that his son would comply that he pledged his own assets as surety. Robert Hunsinger is available to offer testimony before this Honorable Court.

4. Toward the conclusion of the hearing, counsel for Mr. Hunsinger accurately represented that Mr. Hunsinger sought to live in Atlanta.

5. Thereafter, the Court indicated that it was considering a bond with a condition that Mr. Hunsinger reside with his parents. However, the Court declined to permit Mr. Hunsinger to return to his own residence in Atlanta and ordered Mr. Hunsinger detained finding that he presents a threat to the community. Doc. 18, Part III.

6. The Magistrate did not find Mr. Hunsinger to be a threat of flight.

## Analysis

Under 18 U.S.C. § 3145(b), "[i]f a person is ordered detained by a magistrate judge . . . the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order. The motion shall be determined promptly." The district court must then "undertake an independent review of the case, enter its own findings in writing, and set forth the reasons supporting its decision, making provisions as set forth in subsection [18 U.S.C. § 3142]." *United States v. Hurtado*, 779 F.2d 1467, 1480 (11th Cir. 1985).

Mr. Hunsinger asserts that the government was unable to prove by the established burden of "clear and convincing evidence" that Mr. Hunsinger poses a threat to the community. To the contrary, he is an educated, employed person who lived 28 years prior to his arrest with no criminal convictions. Further, during the three months between the alleged incident and the arrest, he is accused of committing no crimes. The Government's allegations center around an accusation involving minutes in a lifetime of over 28 years.

The Government did not and cannot prove by clear and convincing evidence that the alleged activities of one night[1] demonstrate that there are not conditions

---

[1] For perspective, protests were arising all over the country after over three and one-half years of the Government being led by Donald J. Trump, the killing of George Floyd and

that will assure that Richard Hunsinger is not a threat to this community or the community in Northern Virginia where his parents reside.[2]

Additionally, Christmas is approaching and Covid-19 is increasing. Dr. Fauci has recently predicted, "… as we go for the next couple weeks into December is that we might see a surge superimposed on the surge we are already in".[3]

Counsel will present evidence that Mr. Hunsinger legally possessed a gun. Counsel was not aware of this at the detention hearing. When police searched Mr. Hunsinger's residence at the time of his arrest, they located his handgun and placed a zip-tie to temporarily prevent use (until removed with a scissors, knife, or similar object). However, they did not seize the weapon. The combination of over three months to make an arrest and the conclusion that it was unnecessary to seize Mr. Hunsinger's gun demonstrate that the Government did not perceive him as a threat to the community.

---

Breonna Taylor by police and Ahmaud Arbery by a retired police officer and his son.

[2] Richard is willing to reside wherever the court deems appropriate, in Atlanta or at his parents' residence in Virginia, and abide by whatever conditions the Court deems reasonable.

[3] Ben Kamisar, *Fauci warns Thanksgiving travel could worsen Covid-19 surge*, NBC News, Nov. 29, 2020, https://www.nbcnews.com/politics/meet-the-press/fauci-warns-superimposed-coronavirus-surge-after-thanksgiving-travel-n1249270, last accessed 11/30/20.

As Mr. Hunsinger is accused of no crimes prior to July 25, 2020 and no crimes during the three-plus months between the alleged incident and arrest, it appears that the Court may fashion conditions that reasonably ensure that Mr. Hunsinger will not pose a threat to the community.

Mr. Hunsinger asks that this Honorable Court set conditions of pretrial release.

Dated: This 16th day of December, 2020.

                                Respectfully Submitted,

                                /s/ *John Lovell*
                                John Lovell
                                Attorney for Defendant
                                Georgia Bar No. 359390
                                John Lovell, Esq., P.C.
                                90F Glenda Trace, #427
                                Newnan, Georgia 30265
                                678.552.2534
                                john@johnrlovell.com

CERTIFICATE OF SERVICE AND COMPLIANCE

I hereby certify that the foregoing document was formatted in Times New Roman 14 pt., in accordance with Local Rule 5.1C, and I have this day electronically filed the document with the Clerk of the Court using the CM/ECF system which will automatically send e-mail notification of such filing to the attorney(s) of record in the case, including opposing counsel.

Dated: This 16th day of December, 2020.

*s/ John Lovell*
John Lovell

JOHN LOVELL
John Lovell, Esq., P.C.
Georgia State Bar No. 359390
90F Glenda Trace, #427
Newnan, Georgia 30265
678.552.2534
john@johnrlovell.com