IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : |
| | : CRIMINAL ACTION NO. |
| RICHARD TYLER HUNSINGER, | : 1:20-CR-466-AT-AJB |
| | : |
| DEFENDANT. | : |

# **ORDER**

This matter is before the Court on the Defendant's Motion (Doc. 29) for Review of the Magistrate Judge's Detention Order (Doc. 18) of November 10, 2020 pursuant to 18 U.S.C. § 3145(b).[1] The Defendant's Motion requested that the Court conduct a de novo review and hearing on the issue of detention, revoke the Magistrate Judge's Detention Order, and set a bond in this case, pursuant to 18 U.S.C. § 3145(b).[2] For the reasons below, and for the reasons stated by the Court on the record during the hearing on December 18, 2020, the Court **MODIFIES** the Magistrate Judge's Order (Doc. 18), **REVOKES** the detention provisions of the Detention Order, and **AUTHORIZES** Defendant's release, subject to the home detention conditions specified herein, effective December 22, 2020.

---

[1] The Magistrate Judge held the bond hearing in this case on November 10th as well.
[2] Defendant additionally filed a supplemental brief in support of bond. (Doc. 22.)

## I. BACKGROUND

On October 31, 2020, the Magistrate Judge determined that there was probable cause to support the Government's Complaint, charging that Defendant Richard Tyler Hunsinger, aided and abetted by others, maliciously damaged by fire a building and real property owned by the United States Government, willfully committed a "depredation" of such property, and forcibly assaulted, intimidated, and interfered with a federal officer in the performance of his official duties. (Complaint, Doc. 1., issued October 29, 2020.) These charges were subsequently incorporated in the Indictment issued by the grand jury on December 1, 2020. (Doc. 21.) The offense conduct charged occurred in the context of a protest event held in downtown Atlanta in front of a federal building on July 25, 2020.[3] The charges are serious. Defendant allegedly threw bricks at the building's windows and a Molotov cocktail grenade at the building, while two individuals remained in the building. The Government presented photographic evidence as well as testimony from the lead federal investigator on this case to explain why the Government contends that the Defendant is the individual identified in the photographs. The arson charge requires a five-year mandatory minimum sentence.

At the detention hearing held on November 10, 2020, eleven days after the Complaint was signed, the Magistrate Judge found, after considering the factors

---

[3] The Court takes notice that during this summer period, there were many protests held across the nation.

set forth in 18 U.S.C. § 3142(g), that the weight of the evidence was strong against the Defendant as to the charges[4] and that there was clear and convincing evidence that no condition or combination of conditions of his release would reasonably assure the safety of any other person and the community. (Doc. 18.) The Magistrate Judge did not classify the case as involving a rebuttable presumption of dangerousness or flight pursuant to 18 U.S.C. § 3142(e)(2).

The Defendant is 28 years old, a Phi Beta Kappa 2015 graduate of the University of Georgia who has no record of criminal convictions. Mr. Hunsinger has been engaged in community service work in Athens and the Atlanta area since his graduation. Multiple community members, leaders of non-profit organizations, and former state senator Vincent Fort provided strong letters reflecting support, commendation of Defendant's community work, good character, dedication to the community's welfare, kindness of spirit, and thoughtful relationships with community members. (Doc. 15-1.) Defendant's parents reside in Virginia and are retired officers from the United States Air Force and Department of Defense after roughly 40 years of service. (Tr. Doc. 30 at 28.) Defendant's father, Robert Hunsinger, provided testimony at the hearing before the Magistrate Judge relating to the Defendant's positive history, character, and past conduct. He also testified that he would be prepared to post his own funds to secure a bond for his son.

---

[4] *See* 18 U.S.C. § 3142(g)(2) (explaining that the judicial officer shall take into account the available information concerning the weight of the evidence against the person).

3

After review of the Magistrate Judge's summary Detention Order, the transcript of the hearing held by the Magistrate Judge, hearing exhibits and related documentation, including the Indictment and Probation Department's Pretrial Services Report, the Court determined that it would be appropriate to hold an additional hearing in this matter. That hearing was held on December 18, 2020.

## II.   STANDARD OF REVIEW

Section 3142(f) of the Bail Reform Act authorizes a court to convene a detention hearing in six specific instances:

1. Cases involving crimes of violence;
2. Cases involving a maximum sentence of life imprisonment or death;
3. Cases involving serious drug offenses (those involving maximum sentences of ten years or more);
4. Cases involving recidivist offenders (those with two or more relevant felonies);
5. Cases involving a serious risk of flight; or
6. Cases involving a serious risk that a defendant will obstruct or attempt to obstruct justice or threaten, injure, or intimate a prospective witness or juror.

18 U.S.C. § 3142(f); *see also, United States v. Giordano*, 370 F. Supp. 2d 1256, 1260 (S.D. Fla. 2005) (same). "The Bail Reform Act provides that a court 'shall order the pretrial release of the person' unless it determines 'that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community.'" *United States v. Clum*, 492 F. App'x 81, 84–85 (11th Cir. 2012) (quoting 18 U.S.C. § 3142(b) ("Bail Reform Act")). "The Defendant must be detained if the Court either finds that the evidence demonstrates by clear and convincing evidence that "no condition or combination

4

of conditions will reasonably assure the safety of any other person and the community," or that a preponderance of the evidence shows that no combination of conditions of release will reasonably assure the defendant's appearance as required. *United States v. King*, 849 F.2d 485, 488–89 (11th Cir. 1988). Either ground may support an order of detention. *Id.* See also, *United States v. Quartermaine*, 913 F.2d 910, 917 (11th Cir. 1990). The predicate introductory language to 18 U.S.C. § 3142(g) of the Bail Reform Act requires the Court's consideration of the question of whether conditions can be framed to assure the Defendant's safe release based on the factors set forth in sub-parts (g)(1)-(4). These factors include: he nature and circumstances of the offense charged, whether the offense involved violence, the weight of the evidence, the history and characteristics of the person, including the person's character, mental condition, family and community ties, employment, financial resources, past conduct, criminal history, record of appearance at court proceedings, drug abuse and the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

Where an individual is detained pursuant to the Order of a Magistrate Judge and thereafter seeks review of that order with the district court having original jurisdiction over the offense, that court must "undertake an independent review of the case, enter is own findings in writing, and set forth the reasons supporting its decision, making provisions as set forth in subsection [18 U.S.C. § 3142] ." *United States v. Hurtado*, 779 F.2d 1467, 1480 (11th Cir. 1985).

### III.  THE DECEMBER 18th HEARING AND COURT FINDINGS

The Court conducted a hearing by remote video electronic means on December 18, 2020. The Government submitted additional photographic and video exhibits. The Court does not disagree with the Magistrate Judge's finding that the weight of the evidence at this point of the proceedings against Defendant is strong and adopts that finding. It also adopts the Magistrate Judge's finding that this is not a presumption case under 18 U.S.C. § 3142((e)(2) or (e)(3). However, the Court finds that the Magistrate Judge erred in her determination that the Government established by clear and convincing evidence that no condition or combination of conditions of release would reasonably assure the safety of any other person and the community if the Defendant was released, consistent with 18 US.C. § 3142(g).

As indicated at the hearing, the Court has closely reviewed the record. The Magistrate Judge reached a quick conclusion that there was no condition or combination of conditions of release that would reasonably assure the safety of other persons and the community. However, at the hearing, the Court considered de novo several factual problems and errors reflected in the underlying record that do not support this finding. The Court also considered supplemental evidence de novo regarding the combination of conditions available that would permit Defendant's release.

First, the Court finds that the Defendant's three prior arrests in connection with civil protests at Georgia State University and the State Capitol were all

6

dismissed and were never pursued or prosecuted by the Fulton County District Attorney's Office. No evidence was introduced by the Government regarding these arrests. Indeed, there was no evidence presented suggesting that Defendant had engaged in violent conduct in connection with any of these events.  Second, the Court finds that the Pretrial Services Report erroneously identified Defendant as having a prior conviction. No evidence of such was presented.  Accordingly, the Government's argument that that Defendant had engaged in violent conduct previously (i.e., a course of criminal conduct) was not properly and persuasively supported.  Third, the Government presented no evidence that, prior to the incident that is the subject of this criminal case, Defendant had been classified or viewed by the Government as a violent extremist or in fact, that he had been such.

Defendant's father, Robert Hunsinger, provided substantially more testimony than at the earlier hearing before the Magistrate Judge regarding his and Defendant's mother's capacity to furnish and supervise appropriate home detention arrangements for Defendant.  Mr. Hunsinger testified that he and his wife live in a suburban community outside of Washington D.C.  They have a built-out basement floor bedroom with office space and bathroom which is suitable for their son to reside in, if required as a condition of bond to be placed in home detention. Mr. Hunsinger fully understood the scope of his responsibilities as a custodian for the Defendant and secured surety on the bond.  He also fully understood the array of restrictions and conditions the Court indicated would likely define the terms of Defendant's bond.  Mr. and Mrs. Hunsinger's long years

of service as officers in the armed services and Department of Defense,[5] their stable home, and Mr. Robert Hunsinger's unwavering commitment to fulfilling his responsibility to the Court indicate that his home is a suitable residence for Defendant's home detention.

The Court also reviewed the home detention conditions with the Defendant and he affirmatively indicated his commitment to abide by the conditions and understanding of the serious revocation consequences of non-compliance. Further, the Court reviewed de novo Defendant's personal background and the information provided by members of the Atlanta community who had worked side by side with Defendant for a number of years. Defendant's personal history, employment record, family and community ties, and past positive record in the community prior to the events charged in the Indictment here, in combination with his family's provision of suitable arrangements for home detention, lead the Court to conclude that bond conditions for release can be framed which reasonably assure the safety of other persons and the community at large, consistent with 18 U.S.C. § 3142(g).

Accordingly, the Court concludes that Defendant should be released on bond on December 22, 2020, subject to the following conditions:

    1. Defendant shall be released at the Probation Office for the Northern District of Georgia at the United States Courthouse in Atlanta, Georgia, to the

---

[5] Mr. and Mrs. Hunsinger also have ties to Georgia in that they both graduated from the University of Georgia. (Tr. Doc. 30 at 28.)

custody of his father, Robert Hunsinger. Defendant and his father will make arrangements to collect Defendant's belongings, arrange for any COVID-19 testing necessary, and return to and arrive at Robert Hunsinger's Virginia home no later than December 25, 2020.

2. Robert Hunsinger shall secure a $50,000 bond with a payment of $10,000. Mr. Hunsinger shall sign appropriate paperwork for the bond while at the United States Courthouse on December 22, 2020. Mr. Hunsinger shall be responsible for payment of the entirety of the bond if Defendant fails to appear at any proceedings in this matter and/or engages in unlawful flight.

3. Defendant shall be placed on home detention and shall reside at the home of his family in Springfield, Virginia at all times, subject to the conditions set forth below.

4. Defendant shall be subject to location electronic monitoring. While the Court views voice recognition monitoring as sufficient, if the Probation Department prefers to use ankle monitoring for the first two months of Defendant's detention, it is free to use such and make recommendations regarding monitoring thereafter. Defendant shall be responsible for one-half of the cost of the electronic monitoring.

5. *Defendant shall be authorized to leave the house solely based on a Probation Officer approved schedule and arrangements for*: (1) Defendant's employment, if any; (2) Defendant's enrollment in higher educational coursework, if any; (3) medical and legal appointments; (4) 75 minutes of daily exercise outside

the house, within a perimeter of 4 miles of his family's home; (5) attendance at religious services; (6) any other activities approved by the Probation Officer.

6. Defendant is prohibited from using excessive alcohol or unlawful drugs.

7. Defendant is restricted to the Eastern District of Virginia, unless granted permission by the Probation Officer or Court to travel to specific locations outside of the District.

8. Defendant must promptly, within 72 hours, report to the Probation Officer any contact he has had with law enforcement.

9. Defendant is not authorized to directly or indirectly communicate with any individuals who might be witnesses to the events at issue in this case or who have information regarding such events or regarding what their knowledge, role, or testimony might be. Defendant is further specifically prohibited from communicating with anyone who might be testifying in this matter regarding what their testimony would or should be in this proceeding. These provisions are not intended to preclude Defendant from communicating with friends or community members regarding matters not related to the events and occurrences involved in or relating to this case.

10. Defendant is not authorized to post on social media, the web, or any other form of media any information or communications regarding this case or the events or individuals involved in this case. In the event Defendant seeks to post or publish any communication that might conceivably fall within this

restriction, he is required to contact his counsel and, if appropriate, counsel must contact the Court for review of the request.

11. Defendant is prohibited from associating with individuals with a felony conviction record.

12. Defendant shall not possess or have access to, within his home, car, or otherwise, any form of firearm, dangerous weapon, ammunition, or any variety of firebomb or Molotov cocktail.  Any and all such arms or weapons must be removed from his parents' home where he will be residing.

13. Defendant shall participate in a minimum of three consultation sessions with a psychologist in person or by remote computer connection upon return to his family's home.

14. Defendant's expired passport has been provided to Probation Office.  Defendant shall not apply for a new passport while on bond.

15. Defendant is not authorized to change his phone number without the Probation Officer's pre-approval.

16. Defendant must cooperate with the Probation Officer and make himself promptly available for personal visitation and phone calls with the Probation Officer, as required or requested.  Defendant must follow the instructions of the Probation Officer.

17. Defendant may move for any appropriate modifications in the bond conditions imposed after four months of home detention.  Requests for minor modifications may be made to the Probation Officer before that time.

It is so **ORDERED** this 21st day of December, 2020.

_____
**Amy Totenberg**
**United States District Judge**