IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br><br>    v.<br><br>RICHARD TYLER HUNSINGER,<br>    Defendant. | CRIMINAL ACTION NO.:<br> 1:20-CR-00466-AT-AJB |

## DEFENDANT'S MOTION TO
## SUPPRESS PHYSICAL[1] EVIDENCE

COMES NOW, Counsel for Defendant RICHARD HUNSINGER and hereby Moves this Court to suppress all evidence obtained as a result of the illegal seizure of two "items". In support of his Motion, Defendant shows as follows:

**Illegal Seizures**

On or about July 25, 2020, an attack occurred on a building leased by Homeland Security located on Ted Turner Drive in Atlanta. Upon reviewing the discovery, it appears that there were no immediate suspects. However, at the crime scene,

> agents observed a large quantity of blood inside the hallway section of the first floor. Agents subsequently contacted Grady Hospital to

---

[1] The Government has indicated that Mr. Hunsinger made no statements to law enforcement. Therefore, he is not moving to suppress any statements.

determine if anyone was recently treated for injuries consistent with lacerations obtained from broken glass. Grady Hospital provided several records for individuals who received treatment between July 25th, at 11:00 PM through July 26th, at 08:00 AM. Agents reviewed the provided records and determined one of the patients within the allotted time-frame was treated for lacerations to his left hand.[2]

On July 29, 2020, AUSA Ryan Buchan issued a grand jury subpoena to Grady Hospital ("Grady") demanding that Grady produce:

1. Patient records for any individuals who arrived at Grady Hospital with a serious or life-threatening injury for the time period 11:00pm on 7/25/2020 to 11:15pm on 7/25/2020.

2. Patient records for any individual(s) who arrived at Grady Hospital to be treated for lacerations for the time period of 11:00pm on 07/25/2020 through 8:00am on 07/26/2020.

3. Video surveillance for the time period of 11:00pm on 07/25/2020 through 8:00am on 07/26/2020.

It appears that this subpoena was issued after agents had already obtained and reviewed the medical records of Mr. Hunsinger and unknown others.

It appears that these records were taken in violation of Mr. Hunsinger's (and others') rights under the Health Insurance Portability and Accountability Act (HIPAA). It was only after this initial, unlawful seizure of the records that a grand jury subpoena was issued.

---

[2] This quote is from an FBI report located in discovery materials at: 266H-AT-3303302 Serial 1.

This seizure of Mr. Hunsinger's medical records constituted a violation of the Fourth Amendment of the United States Constitution as the agents had no legal authority to seize the medical records of Mr. Hunsinger without a warrant or a timely subpoena.

Over two months later, after having identified Mr. Hunsinger through the illegally obtained medical records, agents observed Mr. Hunsinger. On September 30, 2020, Mr. Hunsinger went to Refuge Coffee in Clarkston where he purchased a cup of coffee and sat down to use his laptop in Refuge Coffee. Mr. Hunsinger briefly left the table leaving both his laptop and the coffee cup. He had not abandoned his seat as he left both the laptop and coffee cup. When he returned, he observed that his coffee cup was missing. Unbeknownst to him, an agent seized his cup "as evidence". The agent who seized the cup recorded in a brief "302" report, "When HUNSINGER departed from the table, SA Pavez collected the disposable coffee cup HUNSINGER was drinking from for evidentiary purposes." To date, Mr. Hunsinger has not been provided with discovery to indicate that the initial DNA match was not obtained as a result of this illegal seizure of his coffee cup.

The seizure of both the medical records and the coffee cup were conducted without a warrant. All searches and seizures conducted without a warrant are

exceptions to the express language of the Fourth Amendment to the United States Constitution. "The Fourth and Fourteenth Amendment's prohibition of searches and seizures that are not supported by some objective justification governs all seizures of the person, 'including seizures that involve only brief detention short of traditional arrest.'" *Reid v. Georgia*, 448 U.S. 438, 440 (1980) *quoting United States v. Brignoni-Ponce*, 422 U.S. 873, 878 (1975).

The seizures were all committed in violation of the Fourth Amendment to the United States Constitution, and Article I, Sec. I, Paragraph 13 of the Constitution of the State of Georgia.

Warrantless searches and seizures are "per se unreasonable under the Fourth Amendment-subject only to a few specifically established and well delineated exceptions." *Mincey v. Arizona*, 437 U.S. 385, 390 (1978), *quoting Katz v. United States*, 389 U.S. 347, 357 (1967); *United States v. Berron*, 712 F.2d 1370 (11th Cir. 1983). Therefore, the Government has the burden to prove that departure from the warrant requirement was justified. *United States v. Ramos*, 12 F.3d 1019, 1026 (11th Cir. 1994). Under the doctrine of the fruit of the poisonous tree, if the initial seizure and search was illegal then evidence seized subsequently or derived from the illegal seizure should be suppressed. *See New York v. Harris*, 110 S.Ct. 1640,

1643 (1990); *Brown v. Illinois*, 422 U.S. 590, 95 S.Ct. 2254 (1975); and *Wong Sun v. United States*, 371 U.S. 471, 83 S.Ct. 407 (1963).

Wherefore, the Defendant requests that this Court conduct a pretrial evidentiary hearing to address the issues presented by the unlawful seizure of his medical records and coffee cup and that this Court suppress the evidence seized and fruits that flowed from these unconstitutional encounters. *See Wong Sun v. United States*, 371 U.S. 471 (1963).

WHEREFORE, the Defendant prays that the Court schedule a hearing on these matters and that the Court suppress all evidence obtained in violation of the Defendant's rights.

Dated: This 17th day of August, 2021.

Respectfully Submitted,

/s/ **John Lovell**
Attorney for Defendant
Georgia Bar No. 359390
John Lovell, Esq., P.C.
90F Glenda Trace, #427
Newnan, Georgia 30265
404.981.7847
john@johnrlovell.com

5

CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was formatted in Times New Roman 14 pt., in accordance with Local Rule 5.1C, and I have this day electronically filed the document with the Clerk of the Court using the CM/ECF system which will automatically send e-mail notification of such filing to the attorney(s) of record in the case, including opposing counsel.

Dated: This 17th day of August, 2021.

*s/John Lovell*
John Lovell

JOHN LOVELL
Georgia State Bar No. 359390
John Lovell, Esq., P.C.
90F Glenda Trace, #427
Newnan, Georgia 30265
404.981.7847
john@johnrlovell.com